NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AVTAR SINGH DHINDSA, | No. 17-70153 |
| Petitioner, | Agency No. A088-703-629 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2021**
San Francisco, California

Before: SCHROEDER and BADE, Circuit Judges, and JACK,*** District Judge.

Avtar Singh Dhindsa, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Dhindsa's asylum application, supplementary statement, and testimony concerning his date of entry into the United States; his departure from India; and his journey to the United States. *See id.* at 1048 (holding that in the totality of circumstances, substantial evidence supported the agency's adverse credibility determination). Dhindsa's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject as unsupported by the record Dhindsa's contentions that the agency failed to consider his explanations or otherwise erred in its credibility analysis.

The agency did not err in assigning limited weight to the corroborating affidavits Dhindsa submitted. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (concluding that agency reasonably assigned corroborating documents limited weight, where the authors were not available for cross examination and the authenticity of the documents relied on the applicant's discredited testimony).

2                                                                                    17-70153

Substantial evidence supports the agency's determination that the affidavits were insufficient to independently establish eligibility for asylum or withholding of removal. *See id.* (holding that documentary evidence was insufficient to rehabilitate credibility or independently support claim, where the "documents do not reveal any independent knowledge of [the applicant's] alleged abuse").

To the extent Dhindsa argues that the country conditions evidence independently establishes a well-founded fear of persecution, we lack jurisdiction to consider the argument. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (holding that this court lacks jurisdiction to review claims not presented to the agency).

Thus, in the absence of credible testimony, in this case, Dhindsa's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence supports the agency's denial of Dhindsa's CAT claim because it was based on the same testimony found not credible, and Dhindsa does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Shrestha*, 590 F.3d at 1048-49; *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (stating that generalized evidence of violence and crime was not particular to the petitioner

17-70153

and insufficient to establish eligibility for CAT relief).

As stated in the court's March 7, 2017 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED, in part.**

17-70153